TUTUPU A. MEAFUA, Plaintiff

v.

SIAKI MATA'U TALIU and VINETA ALLEN, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 21-87

December 8, 1989

Before REES, Associate Justice, TAUANU'U, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Gata E. Gurr
For Defendants, Tau'ese P.F. Sunia

On Motion for New Trial:

We took this motion under advisement in order to consider whether, as alleged by counsel for defendant Allen, our finding that this land was originally settled by Ili'ili people was without support in the record. Our recollection was that Mulinu'u Asapaolo, an elderly witness for defendant Siaki Mata'utia Taliu, had testified that the lands had belonged to Ili'ili people before Vaitogi people came there shortly before World War II. The English translation of this witness's testimony includes the following exchange:

THE COURT: You were talking about a period when everybody scrambled for land; this was before the war?

THE WITNESS [Mulinu'u]: Yes.

THE COURT: Now what was there before? You said it was a jungle, but did anybody own that land before the war?

THE WITNESS: My belief and knowledge is, Your Honor, that these lands are Iliili lands.

Because Mulinu'u had been in a position to observe the events of which he spoke, and because as a Vaitogi person testifying on behalf of another Vaitogi person he had no reason to lie on this point, we found his testimony highly credible.

In any event, this finding was not essential to our primary holding, which was that defendant Allen was barred by A.S.C.A. § 37.0103(c) from presenting a claim contrary to that of plaintiff Meafua.

Defendant's contention that the Territorial Registrar had expressed a "view that the registration seems improperly executed" is a highly partisan gloss on the Registrar's testimony. With regard to one of several irregularities alleged by defendant --- the use of an unsworn certificate rather than a notarized affidavit as evidence that the notice of registration was posted in accordance with A.S.C.A. § 37.0103 --- the present Registrar did testify that his office now follows a different procedure. He also testified that the procedure used in connection with this registration in 1983 was the procedure followed by the Registrar's office at the time. The practice in question, although not as desirable as the practice adopted by the present Registrar, was not illegal and did not render the registration invalid; A.S.C.A. § 37.0103 requires only that the notice be posted, not that an affidavit or certificate or any other particular evidence of posting be placed in the Registrar's file. Even if the present Registrar had expressed a legal opinion that an unsworn certificate or improperly notarized affidavit of posting renders a registration invalid, this would be a question of law on which the Court must make its own judgment.

Finally, defendant urges that we "totally ignored the obvious lack of creditability in Plaintiff Meafua's testimony." Aside from the problem that defendant's own testimony was far more extravagant than

75

anything asserted by the plaintiff, this objection fails because no finding of fact essential to our opinion rested on the uncorroborated testimony of any party.

Accordingly, the motion is denied.

It is so ordered.